UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


KERRIC W. LEITZ,

       Plaintiff,                              Case No. 11-cv-10203
                                                  HON. BERNARD A. FRIEDMAN
vs.                                                      MAG. JUDGE DAVID R. GRAND

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/


**OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION TO REMAND AND AFFIRMING THE DECISION OF THE COMMISSIONER**

**I.**       **Introduction**

        This matter is before the Court on Magistrate Judge David R. Grand's March 21, 2012, Report and Recommendation ("R & R"). Magistrate Judge Grand recommended that the Court grant defendant's motion for summary judgment [docket entry 11] and deny plaintiff's motion to remand [docket entry 10]. By order dated May 3, 2012, the Court treated the arguments contained in plaintiff's prior motion for reconsideration [docket entry 16] as timely filed objections to the R & R. Defendant has not filed a response to plaintiff's objections. The Court has reviewed this matter de novo as required under FED. R. CIV. P. 72(b)(3) and will accept and adopt the Magistrate Judge's R & R.

        Pursuant to its de novo review, the Court finds that the Magistrate Judge's recitation of the underlying facts in this matter is accurate. Accordingly, the Court will adopt the

1

Magistrate Judge's summary of the factual record as it appears on pages 1 through 18 of the R&R.

## II.     Facts

Plaintiff seeks judicial review of the Commissioner's decision denying his claim for Social Security Disability benefits. Plaintiff applied for Disability Insurance Benefits on August 14, 2007, claiming disability resulting from the amputation of his right arm as of April 25, 2007. His benefit application was denied on October 24, 2007 and plaintiff subsequently filed a timely notice for a hearing. On November 16, 2009, a hearing was held before an Administrative Law Judge ("ALJ"), during which plaintiff was represented by counsel. The ALJ found that plaintiff was not "disabled" within the meaning of the Social Security Act.

Thereafter, plaintiff appealed the ALJ's unfavorable determination to the Appeals Council, which denied his request for review. Plaintiff then filed the instant complaint for judicial review of the denial of benefits.

## III.    Standard of Review

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." Longworth v. Comm'r of Soc. Sec., 402 F.3d 591, 595 (6th Cir. 2005) *quoting* Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g). As a result, this Court may not reverse the

Commissioner's decision merely because it disagrees or "because there exists in the record substantial evidence to support a different conclusion." McClanaham v. Comm'r of Soc. Sec., 474 F.3d 830, 833 (6th Cir. 2006) *quoting* Buxton v. Halter, 246 F.3d 762, 772 (6th Cir. 2001). "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." Felisky v. Bowen, 35 F.3d 1027, 1035 (6th Cir. 1994).

IV.     Analysis

On appeal, plaintiff argues that: 1) the matter should be remanded to the ALJ pursuant to sentence six of 42 U.S.C. § 405(g) ("sentence six"), for review of the treatment records of plaintiff's therapist and psychologist because such evidence is both new and material to a determination of disability; 2) his former attorney's failure to procure the aforementioned records and present them to the ALJ constitutes "good cause" for a sentence-six remand; 3) the ALJ failed to subpoena the aforementioned treatment records; 4) the ALJ did not consider the side effects of plaintiff's medications in evaluating his ability to work; and 5) the vocational expert provided incomplete testimony because the ALJ failed to pose hypothetical questions that encompassed all of plaintiff's limitations.

Plaintiff's request for a remand under "sentence six" is without merit. A "sentence six" remand for consideration of additional evidence is warranted only if the evidence is both "new" and "material" and "good cause" is shown for the failure to present the evidence at the prior administrative hearing. Foster v. Halter, 279 F.3d 348, 357 (6th Cir. 2001); see 42 U.S.C. § 405(g). Evidence is "new" if it was "not in existence or available to the claimant at the time of the administrative proceeding." Foster, 279 F.3d at 357 (citation omitted). "Material"

3

means that there exists "a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." Id.; see Ferguson v. Comm'r of Soc. Sec., 628 F.3d 269, 276 (6th Cir. 2010). A claimant demonstrates "good cause" by providing "a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." Foster, 279 F.3d at 357 (citation omitted); see Hollon v. Comm'r of Soc. Sec., 447 F.3d 477, 485 (6th Cir. 2006).

Assuming that the treatment records of plaintiff's therapist and psychologist constitute both "new" and "material" evidence, plaintiff, in any event, failed to demonstrate "good cause" as to why he did not proffer these records at his administrative hearing. Plaintiff's contention that his former attorney neglected to obtain the treatment records of his therapist and psychologist does not sufficiently establish "good cause." See Taylor v. Comm'r of Soc. Sec., 43 F. App'x 941, 943 (6th Cir. 2002); Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 149 (6th Cir. 1996).

With respect to plaintiff's argument that the ALJ had a duty to subpoena the aforementioned treatment records, the Magistrate Judge correctly decided that the ALJ had no heightened duty to develop the administrative record, particularly in light of the fact that plaintiff was represented by counsel. See Rowe v. R.R. Ret. Bd., 114 F. App'x 189, 193 (6th Cir. 2004); Tuttle v. Comm'r of Soc. Sec., No. 98-5682, 1999 U.S. App. LEXIS 8312 at *2-3 (6th Cir. Apr. 26, 1999) *citing* Lashley v. Sec'y of Health & Human Servs., 708 F.2d 1048, 1051 (6th Cir. 1983). Moreover, the ALJ afforded plaintiff an opportunity to supplement the record by filing for an extension (Tr. 53) although the record does not indicate that plaintiff requested one.

Furthermore, the ALJ properly evaluated the side effects of plaintiff's

medications in determining his ability to work.  Plaintiff testified that his depression medication caused him to suffer from "disruptive sleep" (Tr. 47).  Plaintiff also stated on his disability report that his prescriptions for Cymbalta and hydrocodone made him "tired" (Tr. 135).  However, plaintiff's disability appeals report omits any mention of side effects resulting from the same medications (Tr. 167).  Additionally, the Magistrate Judge correctly noted that plaintiff's medical records do not indicate that he reported any medicinal side effects to his physicians, or that plaintiff's physicians adjusted his medications on account thereof.

    Finally, the Court finds that the ALJ properly relied on the vocational expert's testimony because it encompassed all of plaintiff's credible limitations.  After accounting for plaintiff's age, education and vocational experience, the vocational expert attested that plaintiff could perform several jobs of light exertional level that require no more than frequent gross motor grasping with the non-dominant arm at, or below, the waist level.  In view of the aforementioned limitations, the vocational expert stated that plaintiff could obtain employment as a salesperson, machine operator or inspector and that a significant number of these positions exist in the national economy.

    Plaintiff objects that the vocational expert failed to acknowledge plaintiff's depression or the medicinal side effects of his prescriptions.  Contrary to plaintiff's contention, the Court finds that the ALJ properly considered plaintiff's mental impairment in evaluating his work-related limitations.  The ALJ concluded that plaintiff reported "minimal depressive reaction response symptoms" as early as July 2008 and, by February 2009, plaintiff began to engage in leisurely activities and everyday chores to the extent that he no longer exhibited vegetative symptoms (Tr. 12, 339).  Furthermore, as already discussed above, the ALJ correctly

5

determined that the side effects of plaintiff's medications negligibly impacted his ability to work. Thus, the Court agrees with the Magistrate Judge's conclusion and affirms the findings of the Commissioner.

Accordingly, for the reasons stated herein,

IT IS ORDERED that Magistrate Judge Grand's Report and Recommendation, dated March 21, 2012, is hereby accepted and adopted.

IT IS FURTHER ORDERED that plaintiff's motion to remand is denied.

IT IS FURTHER ORDERED that defendant's motion for summary judgment is granted.

IT IS FURTHER ORDERED that the findings of the Commissioner be affirmed.

Dated: June 5, 2012          S/Bernard A. Friedman____
       Detroit, Michigan     BERNARD A. FRIEDMAN
                             SENIOR UNITED STATES DISTRICT JUDGE